Atlantic Coast Line R. R. Co. v. Farris & Co.

149 So. 561.

Division A.

Opinion Filed July 13, 1933.

*J. L. Doggett,* for Petitioner;
*Long & Kelly,* for Respondent.

Davis, C. J.—Respondent, Farris & Company, a corporation, recovered judgment against the Atlantic Coast Line Railroad Company in the sum of $298.62, which was the amount of the verdict of the jury, and in addition thereto 50 per centum per annum interest from December 12, 1928, the date upon which plaintiff's claim for damages had been declined by the railroad company. The case is now before us on a writ of certiorari awarded to bring up the judgment

of the Circuit Court of Duval County which, affirmed the judgment of the Civil Court of Record in which the case was tried.

The action was one for the recovery of damages against the railroad company for negligently injuring the plaintiff's livestock during transportation under a contract as to which there was no provision limiting the railroad company's liability as a common carrier. The shipper showed by evidence sufficient to establish that fact when it was accepted and believed by the trial jury, that the livestock for which recovery was sought had been delivered to the carrier in good condition, but had been delivered by the railroad company at the point of destination in bad condition. The shipment consisted of two hundred and fifty-four head of cattle loaded at Zolfo Springs and consigned to the plaintiff at Jacksonville. There was testimony that the cattle when loaded were in fair condition for range cattle, although they were not such as were entitled to be graded as prime fat cattle, or cattle of superior quality. When the cattle were unloaded at Jacksonville, sixteen of them were found dead and it is for these sixteen that the claim was made.

Under the circumstances of this case, the burden was on the railroad company to show that the loss of the livestock sued for did not result from negligence on the part of the railroad company, or that the cause of the injury was within one of the excusatory exceptions recognized by law, or provided for by the terms of the contract. See Walton Land & Timber Co. v. L. & N. Ry. Co., 72 Fla. 66, 72 So. 485. The railroad company undertook to do this, and there was evidence offered that would have warranted such a finding, had the jury accepted it as true. But the jury found otherwise, and this Court cannot say on a certiorari proceeding, after the verdict has been approved by the trial judge, and affirmed by the Circuit Court, which exercises appellate

power over the trial court, that in affirming the judgment of the present record, that the Circuit Court did not proceed in accordance with the essential requirements of law. See Florida East Coast Railway Company v. Anderson, opinion filed May 23, 1933, decided at the January, 1933, Term of this Court, not yet published.

The second count of plaintiff's declaration was to the effect that under the statutes of this State (Secs. 4581-4583 R. G. S., 6646-6648 C. G. L.) it was the duty of the railroad company to pay plaintiff's claim for the damages he sustained, after the claim was filed and within sixty days of its presentation, or suffer in default thereof a penalty of a fifty per cent. per annum interest charge on the amount of the claim, in addition to the principal sum of the claim, in the event of a suit and recovery for the loss sustained. A special plea to the second count, put in issue the defendant's liability for the penalty under the statute.

In A. C. L. R. R. Co. v. Wilson & Toomer Fertilizer Co., 89 Fla. 224, 104 So. 593, this Court construed the Florida statute providing for the fifty per cent. interest penalty on unpaid claims, as not being applicable to a claim, the circumstances surrounding which would be sufficient to raise a fair doubt concerning its legality and justice, so as to clearly warrant a full investigation of it before paying it.

The meaning of what was said in that case is necessarily to the effect that where the circumstances surrounding a claim for loss or damage to freight are such as to raise a fair doubt as to the legality and justness of the claim as one to be paid without full investigation, including a judicial investigation *where the facts are in dispute* concerning it, that the penalty of the statute cannot be applied, because to apply it under such circumstances, would be to deprive the carrier of its property without due process of law, in violation of the State and Federal Constitutions.

See *ex parte* Young, 209 U. S. 123, 28 Sup. Ct. 411, 52 L. Ed. 714.

In the case at bar, the record shows that the *facts* surrounding the occasioning of the loss and damage sued for were such as to raise a fair doubt concerning the legality and justness of the plaintiff's claim, and that the carrier declined the payment of the claim in good faith in reliance upon its contention that under the facts of the case, it was not liable at all. To apply the statutory penalty of fifty per centum per annum interest under the circumstances shown, here, would in effect deny to the carrier the right to litigate the validity of a claim, which under the law, it was in duty bound not to pay, if the facts did not warrant payment. Such dispute of fact could only be settled by a trial of it in a judicial tribunal where the issues regarding it could be made up and settled. In the absence of any claim or showing of lack of good faith on the part of the carrier, in taking the course that it did, in declining to pay without an adjudication of the liability, we cannot say that the application of the statutory penalty would be warranted, since to apply the statute to a case of that character would tend to violate the principle stated in *ex parte* Young, *supra*.

The judgment of the principal claim, with interest at the legal rate of interest based upon the amount recovered, from the date the wrong was sustained, would not be contrary to law. But a judgment for the statutory penalty, under the circumstances shown by the record in this case, is not according to the essential requirements of the law.

If, therefore, plaintiff will remit all amounts included in the judgment in excess of the amount hereby and herein held to be proper and according to law, the affirmance of the judgment of the Circuit Court will be allowed to stand for the amount of the judgment less the suggested *remittitur,* otherwise a judgment will be entered here quashing

the judgment of affirmance entered by the Circuit Court. Thirty days from the date of the filing of this opinion will be allowed for the filing of a *remittitur,* pending the expiration of which time the judgment of this Court in this proceeding will be withheld.

Judgment of appellate court stayed pending further proceedings for *remittitur* of part of amount of judgment.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.