LAWS v. NEW YORK LIFE INS. CO. et al.

NEW YORK LIFE INS. CO. v. LAWS et al.

No. 7932.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1936.

For former opinion, see 81 F.(2d) 841.

L. S. Gaulden, of West Palm Beach, Fla., for appellant Pearl Gaulden Laws.

J. L. Doggett and Charles Cook Howell, both of Jacksonville, Fla., for appellees and cross-appellant.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

PER CURIAM.

By petition for rehearing the appellant, the beneficiary named in the policy, complains of this court's action in approving the disallowance of an attorney's fee in appellant's favor. In support of that complaint attention is called to the recent decision of the Supreme Court of Florida in the case of New York Life Ins. Co. v. Lecks, 165 So. 50, 54. That case involved the application of the Florida statute (Comp.Gen.Laws 1927, § 6220) providing for an attorney's fee against an insurer in favor of the beneficiary of an insurance policy, but did not deal with the subject of interpleader. In the opinion rendered in that case the liability provided for by that statute was referred to as one "incurred for an unsuccessful defense upon an insurance obligation." That statute contains nothing indicating a purpose to affect or impair the equitable remedy of interpleader, whether a right to that remedy is asserted by a bill of interpleader strictly so called, or by a pleading which is in the nature of a bill of interpleader. When the situation existing at the time insurance money becomes payable is such as to give rise to a right in the insurer to have the payment of that money withheld from any of conflicting claimants until it is determined which of those claimants is entitled thereto, it is manifestly unfair, certainly from the time that right is duly asserted by the insurer, to permit any one of those claimants to subject the insurer to liability for a fee for the services of an attorney in an attempt to enforce payment of the insurance money to one of such claimants before the right of that claimant has been determined to be superior to that of opposing claimants. In the circumstances of the instant case it is not consistent with due recognition of the equitable right of the insurer to be protected from conflicting claims to the insurance money admitted to be due to charge the insurer with liability for services rendered by the beneficiary's attorney except such of those services as were rendered,

prior to the filing of the insurer's equitable plea, in instituting the suit in the court below, and such of those services as were rendered in enforcing the insurer's liability for interest on the amount held to be due for the period elapsing between the date of the institution of the suit and the date of the rendition of the decree appealed from. Except as to that item of interest the insurer in no way contested its liability under the policy.

We conclude that the decree appealed from should be further modified by including therein a provision for ascertaining and allowing a reasonable fee for the services of appellant's attorneys in filing the suit in the court below and in enforcing by appeal the above-mentioned item of interest; the fee to be allowed to be moderate and not to include compensation for services rendered by such attorneys in the contest between appellant and others adversely claiming the insurance money. As to be modified as directed by this court, the decree under review is affirmed, and the cause is remanded for further proceedings consistent with this and the former opinion of this court.