680 F.2d 79
 Rosalind GELFGREN, and Larry Gelfgren, Plaintiffs,
v.
REPUBLIC NATIONAL LIFE INSURANCE COMPANY; ILWU-PMA Welfare
Fund, Defendants.
ILWU-PMA WELFARE FUND, Cross-Complainant In Interpleader,
v.
Rosalind GELFGREN and Larry Gelfgren, Cross-Defendants In
Interpleader.
 No. 81-5726.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 4, 1982.
Decided June 24, 1982.
 
 Larry Minsky, Cantrell, Green & Pekich, Long Beach, Cal., for plaintiffs.
 D. Ward Kallstrom, Lillick, McHose & Charles, San Francisco, Cal., for defendants.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON, SKOPIL and CANBY, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 Appellant, the successful claimant in an interpleader action, appeals the district court order denying costs and interest against the stakeholder. We affirm the denial of costs, but reverse the denial of prejudgment interest.
 
 I.
 
 2
 On June 1, 1977 appellant Larry Gelfgren brought an action in California state court for breach of contract against appellees ILWU-PMA Welfare Fund ("the Fund") and Republic National Life Insurance Co. ("Republic") to recover $30,000 in death benefits as a result of the death of his father. Appellees removed the action to federal court, and on September 1, 1977 cross-claimed against other claimants to determine which claimant was entitled to the death benefits. In this cross-complaint, appellees prayed for leave to deposit the $30,000 fund into the court's registry.
 
 
 3
 On February 6, 1978 the district court entered a pretrial conference order in which appellees agreed to pay the $30,000 to whichever claimant the district court directed in its final judgment. Appellant withdrew any claims for punitive damages, exemplary damages, or attorney's fees; appellees withdrew any claims for attorney's fees. The pre-trial order then "dismissed (the Plan and Republic) from this action subject only to its performance of its duties set forth" in the pretrial order. The pretrial order was silent as to the obligation of the appellees to pay costs or interest on the $30,000, and the order did not require the $30,000 to be deposited into the court's registry.
 
 
 4
 On April 18, 1978 the district court entered judgment on behalf of another claimant. Appellant appealed, and this court reversed, directing the district court to award benefits to appellant. Upon remand, the district court entered a judgment on behalf of appellant Larry Gelfgren. On May 15, 1981 the district court entered judgment awarding appellant $30,000 plus costs and interest against appellees. Appellees' motion to amend the judgment after remand was granted on July 20, 1981 and the district court disallowed costs and interest. Appellant filed a timely notice of appeal.
 
 II.
 
 5
 The issues on appeal are whether the district court erred in refusing to award (1) costs and (2) interest to appellant from the Fund and Republic.
 
 III.
 
 6
 Ordinarily "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). In this case, appellant Gelfgren is the prevailing party as against the unsuccessful claimants. However, appellant is not the prevailing party with respect to appellees, a disinterested stakeholder.
 
 
 7
 In an interpleader action, it is within the court's discretion to award costs to the stakeholder. Costs, however, should not be assessed against a stakeholder, at least where the stakeholder has not been dilatory or otherwise guilty of bad faith. Murphy v. Travelers Insurance Co., 534 F.2d 1155, 1164 (5th Cir. 1976). There has been no finding that appellees acted in bad faith or were dilatory or otherwise engaged in improper conduct. Therefore, the district court did not err in refusing to award costs.
 
 IV.
 
 8
 This action was proper interpleader under rule 22(1), Federal Rules of Civil Procedure. Rule 22(1) interpleader allows a party to join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability. The rules grant no subject matter jurisdiction, see rule 82, and thus for the interpleader to be proper under rule 22(1) it must be within some statutory grant of jurisdiction. Unlike statutory interpleader, 28 U.S.C. § 1335,[1] in which jurisdiction is based solely on diversity of citizenship, jurisdiction in interpleader under rule 22(1) can be based on a claim arising under federal question jurisdiction. St. Louis Union Trust Co. v. Stone, 570 F.2d 833, 835 (8th Cir. 1978); see also Bank of China v. Wells Fargo Bank & Union Trust Co., 209 F.2d 467 (9th Cir. 1953). As this case was removed to federal court under ERISA, 29 U.S.C. § 1132(a)(1)(B), federal question jurisdiction, and thus jurisdiction for rule 22(1) interpleader, exists. See Stone v. Stone, 450 F.Supp. 919, 930 (N.D.Cal.1978) (dicta), aff'd, 632 F.2d 740 (9th Cir. 1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981).
 
 
 9
 Deposit of the disputed funds in the court's registry is a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335. However, a deposit is not a jurisdictional requirement to rule 22(1) interpleader, Murphy v. Travelers Insurance Co., supra, at 1155, and thus was not required here.
 
 
 10
 The issue in this case, however, is not whether deposit should have been required, but whether appellees should have been required to pay interest on the stake which they held for the five year duration of the action. Interest in non-statutory interpleader actions need not be automatically awarded, but the award should depend upon equitable considerations. Bauer v. Uniroyal Tire Co., 630 F.2d 1287, 1290, 1292 (8th Cir. 1980); Phillips Petroleum Co. v. Adams, 513 F.2d 355, 366 (5th Cir.), cert. denied, 423 U.S. 930, 96 S.Ct. 281, 46 L.Ed.2d 259 (1975); Powers v. Metropolitan Life Insurance Co., 439 F.2d 605, 609 (D.C.Cir.1971).
 
 
 11
 We review the award or denial of prejudgment interest to determine whether the district court abused its discretion. Laws v. New York Life Insurance Co., 81 F.2d 841 (5th Cir.), modified 82 F.2d 811 (1936). The factors that courts have looked at in determining whether interest should be awarded are: (1) whether the stakeholder unreasonably delayed in instituting the action or depositing the fund with the court, Bauer, supra, at 1292; (2) whether the stakeholder used the fund for his benefit and would be unjustly enriched at the expense of the claimants who have claim to the fund, Bauer, supra, at 1292; Phillips Petroleum, supra, at 368-69; Caine v. John Hancock Mutual Life Insurance Co., 313 F.2d 297, 302 (6th Cir. 1963); Massachusetts Mutual Life Ins. Co. v. Central Penn National Bank, 372 F.Supp. 1027, 1035 (E.D.Pa.1974); Bank of China, supra, at 474; and (3) whether the stakeholder eventually deposited the fund into the court's registry. Murphy, supra, at 1164; Bauer, supra, at 1290.
 
 
 12
 Applying these factors here, it appears that the district court abused its discretion in denying prejudgment interest. First, there was a period of almost two years between the death of the insured and the time at which appellees filed their cross-claim in interpleader, and appellees only sought interpleader after suit was instituted against them. Second, the duration of this action has been in excess of five years, during which time the appellees had full use of the fund and earned interest on it. Third, though appellees themselves had suggested depositing the fund into the court's registry, appellees never did so. Further, appellees would not be prejudiced by the award of prejudgment interest, since, though they have no claim to the fund, they have earned interest on it at a rate in excess of the statutory maximum and thus would be unjustly enriched.
 
 
 13
 Appellees argue that the silence of the pretrial order with respect to interest discharges them from any obligation to pay interest. Appellees argue that (1) the silence in the pretrial order as to interest was a compromise between all parties; and (2) addition of interest would be a new obligation not asserted in the pretrial order, and thus improper since the court no longer had personal jurisdiction over appellees. We reject these contentions.
 
 
 14
 First, the silence of the pretrial order as to interest does not indicate that the parties intended to bargain away the right to interest. The fact that the pretrial order expressly stated that plaintiffs withdrew any claims for punitive or exemplary damages or attorney's fees and appellees withdrew any claims for attorney's fees indicates that the silence as to interest was not a deliberate waiver of the right to interest.
 
 
 15
 As to the contention that the pretrial order dismissed appellees subject only to the duty to pay the $30,000 to the prevailing claimant, we hold that equity requires that interest on this fund should go to a party with a valid claim to the money. As stated previously, appellees have no claim to the money, yet have received interest on this money at a rate in excess of the statutory maximum. To allow appellees to escape the payment of prejudgment interest would unjustly enrich appellees. Appellees should have paid the benefit when it first became due or should have immediately brought an interpleader and deposited the money into the court's registry. We therefore hold that appellees are liable for prejudgment interest from the date that the death benefit first became due and owing. See Bauer v. Uniroyal Tire Co., supra, at 1291; Murphy v. Travelers Insurance Co., supra, at 1164-65.
 
 CONCLUSION
 
 16
 We affirm the district court's denial of costs against appellees, as costs against the stakeholder in an interpleader action are generally not awarded, at least in the absence of bad faith by the stakeholder. We hold that the district court abused its discretion in refusing to award prejudgment interest, and remand this case to the district court with instructions to award prejudgment interest at the statutory rate running from the date that the death benefit first became due and owing.
 
 
 17
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 [1]
 For statutory interpleader, 28 U.S.C. § 1335, there must be diversity between the adverse claimants. For interpleader under rule 22(1) predicated on diversity jurisdiction, there must be diversity between the stakeholder on one hand and the claimants on the other. Here, all claimants and stakeholders are citizens of California and thus statutory interpleader or rule 22(1) interpleader based on diversity would be improper