AETNA LIFE INSURANCE COMPANY, Plaintiff/Counter–Defendant, Appellee,

v.

**Rey L. BAYONA, Defendant,**

**The Hospital of Good Samaritan; The Hospital of the Good Samaritan Bene–Flex Plan, Counter–Defendants,**

**Emilita Castro, Defendant/Counter–Claimant, Appellant.**

No. 99–55035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2000

Submission Withdrawn May 3, 2000

Resubmitted July 21, 2000

Filed Sept. 8, 2000

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Nov. 3, 2000.*

Browning and Noonan so recommend.

---

* Judge Silverman has voted to reject the suggestion for rehearing en banc and Judges

Ronald C. Lapekas, Glendale, CA, for defendant-counter-claimant-appellant.

Jennifer L. Kurzon, Galton & Helm, Los Angeles, CA, for plaintiff-counter-defendant-appellee.

Before: JAMES R. BROWNING, NOONAN, and SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge:

We hold today that a plan fiduciary may file an interpleader action under ERISA in an appropriate case.

Appellant Emelita Castro appeals the district court's grant of appellee Aetna Life Insurance Company's motion for interpleader discharge, and the district court's dismissal of her counterclaims against Aetna, Good Samaritan Hospital, and the Good Samaritan Bene–Flex Plan. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

I.

Evangeline Castro was a nurse employed by Good Samaritan Hospital. Aetna Life Insurance Company issued a group insurance policy to Good Samaritan to fund insurance benefits offered by the hospital to its employees as part of its Bene–Flex Plan, which is governed by ERISA.

While employed by Good Samaritan, Evangeline enrolled for coverage under the plan's life insurance program. According to Evangeline's beneficiary designation, her sister, appellant Emelita Castro, was to receive 85% of the insurance proceeds in trust for Evangeline's children; Evangeline's husband of sixteen months, Rey Bayona, was to receive 15% of the proceeds.

After Evangeline's death in 1994, however, Bayona informed Aetna that he wished to claim a community property interest in 50% of the policy proceeds. Faced with conflicting claims to the same proceeds, Aetna filed a complaint in interpleader in federal district court, naming Castro and Bayona as defendants. Castro answered this complaint, and also filed counterclaims against Aetna, Good Samaritan Hospital, and the Bene–Flex Plan. Aetna filed a motion to dismiss Castro's counterclaims; it also requested discharge from liability after depositing the full of amount of the insurance proceeds with the district court. The district court dismissed Castro's coun-

terclaims, discharged Aetna, and awarded Aetna attorney's fees deducted from the deposited insurance funds.[1]

On appeal, Castro argues that Aetna had no standing to bring an interpleader action under ERISA, because Aetna is not an ERISA fiduciary, and, even if it were, ERISA does not authorize an action in interpleader. Castro also argues that the district court erred in dismissing Castro's counterclaims against Aetna, Good Samaritan Hospital, and the Bene–Flex Plan because the claims were not preempted by ERISA, and because only Aetna moved for summary judgment.

## II.

Castro contends that the district court had no jurisdiction over Aetna's interpleader complaint under ERISA. We disagree.

■ Questions of subject matter jurisdiction are reviewed de novo. *See Kruse v. State of Hawaii,* 68 F.3d 331, 333 (9th Cir.1995). Rule 22(1) interpleader provides a process by which a party may "join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability." *Gelfgren v. Republic Nat'l Life Ins. Co.,* 680 F.2d 79, 81 (9th Cir.1982). Rule 22 interpleader is only a procedural device, however—the rule does not convey jurisdiction on the courts. Accordingly, a party seeking to bring an interpleader action in federal court must establish statutory jurisdiction. *See id.* In this case, Aetna asserts that ERISA grants subject matter jurisdiction.

■ Section 502(a) of ERISA defines and limits federal jurisdiction over ERISA-related matters. 29 U.S.C. § 1132(a). The statute recognizes a civil action brought "by a participant, beneficiary, or fiduciary ... to obtain other appropriate equitable relief ... to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii).

The parties do not dispute that Aetna does not qualify as a "participant" or "beneficiary." However, they do dispute whether Aetna is a "fiduciary."

■ We agree with Aetna that the company qualifies as a fiduciary for purposes of the statute. "When an insurance company administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)." *Libbey–Owens–Ford Co. v. Blue Cross & Blue Shield Mut.,* 982 F.2d 1031, 1035 (6th Cir.1993); *see also Pacificare, Inc. v. Martin,* 34 F.3d 834, 837 (9th Cir.1994). In the instant case, the record supports Aetna's contention that it acted as a fiduciary: Aetna was the entity making decisions regarding Castro's claim to the life insurance money at issue here; in addition, Castro directed her correspondence concerning the policy to Aetna, rather than any other plan entity.

■ Finding that Aetna was an ERISA fiduciary, however, does not end our inquiry. Under section 1132(a)(3)(B), a civil action instigated by a fiduciary must still be (1) brought in order to obtain "appropriate equitable relief" and (2) one which can be construed as enforcing the provisions of ERISA or the terms of the plan.

■ The term "equitable relief," as it is used in section 1132(a)(3)(B), is limited to forms of relief "that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); *see also Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1527 (9th Cir.1993). However, "[w]hen the substance of the relief is monetary ... such a remedy is not available under section 1132(a)(3)." *FMC Med. Plan v. Owens,* 122 F.3d 1258, 1262 (9th Cir.1997).

■ It is generally recognized that interpleader "developed in equity and is

---

1. After Aetna's dismissal, Castro and Bayona continued to litigate the beneficiary designation. In 1998, the district court entered a final order, granting Castro's motion for summary judgment and awarding her 85% of the insurance proceeds.

governed by equitable principles." *Lummis v. White*, 629 F.2d 397, 399 (5th Cir. 1980), *rev'd on other grounds by Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *see also Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir.1997) ("[I]nterpleader is fundamentally equitable in nature."). Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation. *See Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 365 (8th Cir.1966). Thus, we hold that interpleader is a form of "appropriate equitable relief" for purposes of section 1132(a)(3)(B).

We turn to the last requirement: that the action be brought to enforce the provisions of ERISA or the terms of the plan. Here, Aetna, as a plan fiduciary, had an obligation to ensure proper disbursement of the life insurance policy funds; it brought this action in interpleader in order to fulfill that obligation. Thus, the interpleader action in this case satisfied section 1132(a)(3)(B)(ii)'s requirement that the appropriate equitable relief be brought for the purpose of "enforc[ing] any provisions" of the ERISA plan.

In sum, therefore, we hold that interpleader is a cognizable action under ERISA section 1132(a)(3)(B)(ii).[2] The district court had jurisdiction over Aetna's complaint in interpleader.[3]

### III.

Castro next contends that the district court erred in dismissing her counterclaims against Aetna, Good Samaritan Hospital, and the Bene–Flex Plan. This contention is without merit. The counterclaims were properly dismissed because they were preempted by ERISA.[4]

Section 514(a) of ERISA preempts state law claims that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). We have held that "ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir.1985). Here, Castro asserted counterclaims for breach of contract, tortious breach of the covenant of good faith and fair dealing, and fraud—all were based on common law and state causes of action, and all were preempted.

Finally, we note that the district court did not err in dismissing the counterclaims even though only Aetna moved to dismiss. Castro asserted the same counterclaims against Aetna, Good Samaritan, and the Plan, and Aetna had assumed the defense of all three parties.

Accordingly, we affirm the district court's dismissal of Castro's counterclaims. We also hold that the district court properly exercised jurisdiction over Aetna's complaint in interpleader.

AFFIRMED.

---

2. We note that the sole circuit to address this issue, the Sixth Circuit, also has held that federal courts have subject matter jurisdiction to hear an interpleader action brought under ERISA. *See Marsh*, 119 F.3d at 418.

3. Castro also appears to dispute the propriety of an interpleader action here, claiming that there was no real dispute over the insurance proceeds because the California Superior Court had issued an order directing Aetna to pay the proceeds to Castro. However, the order makes no reference to Bayona, and it is unclear whether the court considered his possible community property interest in the proceeds.

4. Although the district court did not cite ERISA preemption as the grounds for dismissal, "[w]e may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court." *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 874 (9th Cir.1987).