**STOCKTON CHRISTIAN LIFE CENTER, INC., a California corporation, Plaintiff,**

v.

**THE UNITED STATES INTERNAL REVENUE SERVICE, et al., Defendants.**

**No. CIV. S–00–815FCD DAD.**

United States District Court, E.D. California.

Sept. 20, 2001.

Joanne Duane Kee, United States Department of Justice, Tax Division, Washington, DC, Daniel Allen McDaniel, Nomellini Grilli and McDaniel, Stockton, CA, Patricia A. Davis, Van Bourg Weinberg Roger and Rosenfeld, Oakland, CA, Joseph William McCarthy, Law Offices Joseph W. McCarthy, Santa Clara, CA, Frederick Joseph Amrose, Law Offices of Rick Amorose, Sacramento, CA, James Belford Brown, Herum Crabtree Brown, Stockton, CA, Donald M. Stevenson, Law Offices Donald M. Stevenson, Stockton, CA, Rex K. Lee, United States Department of Justice, Tax Division, Washington, DC, Daniel Allen McDaniel, Nomellini Grilli and McDaniel, Stockton, CA, for Defendants.

## MEMORANDUM AND ORDER

DAMRELL, District Judge.

This matter is before the court on the motion of Joseph W. McCarthy ("McCarthy") for summary adjudication in the above-entitled action. This action arises from an arbitration award in favor of defendant Neth Construction, Inc. ("Neth") against plaintiff Stockton Christian Life Center, Inc. ("Stockton Christian"). Because a number of Neth's creditors made claims to be paid from the award, Stockton Christian interpled the net amount awarded (the "funds"). Said funds are the subject of this action.[1] By this motion, McCarthy seeks summary adjudication that his lien on the funds is superior to all other claimants. United Rentals, Inc., San Joaquin Steel ("SJS"), and San Joaquin Lumber Company ("SJLC") have filed oppositions to McCarthy's motion for summary adjudication.[2] SJS has also filed a

James Belford Brown, Herum Crabtree Brown, Stockton, CA, for Plaintiff.

---

1. The named defendants to this action are Neth, the Internal Revenue Service, United Rentals, Inc., Carpenter's Funds, Joseph McCarthy, E.L. Wills, San Joaquin Steel, and American Arbitration Association. San Joaquin Lumber Company moved to intervene as

a defendant in this action. This court granted that motion.

2. Neth, Carpenter's Funds, and Stockton Christian have filed notices of non-opposition to McCarthy's motion.

cross-motion for summary adjudication, seeking judgment that its lien has priority over the other claimants to the funds.

Plaintiff Stockton Christian alleged in its complaint that this court had jurisdiction under 28 U.S.C. § 1331 and that federal question jurisdiction exists because the priority of liens issued by the government are governed by federal laws 26 U.S.C. § 6323 and 28 U.S.C. § 2140.[3]

For the reasons set forth below, this court dismisses the entire action for lack of subject matter jurisdiction.[4]

## BACKGROUND

In this case, Plaintiff Stockton Christian filed an interpleader action under Rule 22 of the Federal Rules of Civil Procedure against several defendants, including Neth and Neth's various creditors. This case can be traced back to an agreement between Stockton Christian and Neth to construct the shell of a church building. In regard to that project, Neth hired various subcontractors, including SJS and E.L. Wills, both of whom are also named as defendants in this interpleader action. Neth was also a party to a collective bargaining agreement, known as the 46 Northern California Counties Carpenters Masters Agreement. Carpenter's Funds, which has also been named a defendant in this interpleader action, administered the health and welfare benefits for 46 Northern California Counties Conference Board.

A dispute regarding the construction contract arose between Stockton Christian and Neth and it was submitted to binding arbitration. SJS and E.L. Wills were also joined in the arbitration. Attorney Joseph W. McCarthy ("McCarthy") represented Neth at the arbitration. The arbitration concluded and the arbitrator rendered an arbitration award, which was later amended.

The Internal Revenue Service ("IRS") recorded several tax liens against Neth and has been named a defendant in this interpleader action. However, the IRS filed a motion with this court on March 22, 2001 which states that it disclaims any interest in the interpled funds at issue. Further, the IRS' motion states that the liens of both McCarthy and SJLC have priority over the federal tax liens against Neth and satisfaction of those liens will exhaust the interpled funds.

## STANDARD

Federal courts are courts of limited jurisdiction. A district court may sua sponte raise the question of subject matter jurisdiction. *See Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D.Cal.1998). *See also* F.R. Civ. Pro. 12(h)(3). Where subject matter jurisdiction does not exist, the appropriate disposition is dismissal. *See MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir.1987).

Rule 22 of the Federal Rules of Civil Procedure provides: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." F.R. Civ. Pro. 22(1). It is clear that Rule 22 does not independently confer subject matter jurisdiction. *See* F.R. Civ. Pro 82. For Rule 22 interpleader to lie, jurisdiction must be within some statutory grant of jurisdiction, which can include federal question jurisdiction. *See e.g., Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir.1982).

---

**3.** While the Plaintiff's complaint states 28 U.S.C. § 2140, there is no such section of Title 28 of the United States Code.

**4.** Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78–230(h).

## ANALYSIS

Stockton Christian claims that federal question jurisdiction arises in this case because one of the claimants to the interpled funds is the IRS, which has filed federal tax liens, and the priority of liens issued by the federal government is governed by federal law. *See* 26 U.S.C. §§ 6321 and 6323. Plaintiff cites *Broadcast Music, Inc. v. Hirsch,* 104 F.3d 1163, 1165 (9th Cir. 1997) and *Commercial National Bank of Chicago v. Demos,* 18 F.3d 485, 489 n. 6 (7th Cir.1994) in support of this proposition.

In *Broadcast Music,* a company which licensed public performance rights in copyrighted musical performances brought an interpleader action to determine whether the IRS or the taxpayer's creditors had the right to the taxpayer's copyright royalties. *See Broadcast Music,* 104 F.3d at 1163. Regarding jurisdiction, the Ninth Circuit stated briefly, "The district court had jurisdiction under 28 U.S.C. § 1331. *See Commercial Nat'l Bank of Chicago v. Demos,* 18 F.3d 485, 489 n. 6 (7th Cir.1994) (priority of tax liens under 26 U.S.C. § 6323 is a federal question)." *Id.* at 1165. The Ninth Circuit had no further discussion regarding jurisdiction. However, there appears to be a split among the circuits as to whether the existence of a federal tax lien is sufficient to confer federal question jurisdiction in Rule 22 interpleader actions. The Sixth and the Seventh Circuits have found that the existence of a federal tax lien is not sufficient to confer subject matter jurisdiction while the Eighth Circuit has found that it is. The only Ninth Circuit opinion to really address the question is *Broadcast Music,* discussed above.

The Sixth Circuit in *Bell & Beckwith v. United States,* 766 F.2d 910 (6th Cir.1985) and the Seventh Circuit in *Commercial Bank* provide the most detailed analyses supporting the finding that the existence of a federal tax lien does not provide subject matter jurisdiction in an interpleader action.

In *Bell,* a stock brokerage brought an interpleader action after the IRS levied a tax lien on an investment account managed by the brokerage. The IRS alleged that the account holder was merely acting as a nominee of a delinquent taxpayer and demanded that the brokerage turn over the account to the IRS. *Bell,* 766 F.2d at 910. The court found that federal question jurisdiction exists where a plaintiff's claim, even if not itself raising a federal question, "asserts a defense to a claim that would raise a federal question and that defendant could have asserted in a coercive action." *Id.* at 912. The court stated that the prototypical type of this action is in a patent case where an alleged infringer seeks a declaratory judgment that he has not interfered with the rights of the patentee. *Id.* at 913.

The court analogized the inquiry as to whether federal question jurisdiction exists in an interpleader action to the same analysis in a declaratory judgment action, relying on the reasoning of the Supreme Court in *Franchise Tax Board California v. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (finding that state declaratory judgment action did not independently confer jurisdiction, but rather that jurisdiction must be based on a statutory grant). The court stated that Rule 22 interpleader, like the Declaratory Judgment Act, provides a procedural device but does not independently establish jurisdiction, rather "determining whether the court has subject matter jurisdiction is analytically distinct from determining whether a party may obtain a declaratory judgment [or succeed on an interpleader action]." *Id.* at 913–914. The court held that "[i]n interpleader actions as in declaratory judgment actions, federal question

jurisdiction exists if such jurisdiction would have existed in a coercive action by the defendant." *Id.* at 914.

The court found that "[i]f resolution of [the account holder's] state law claim would have negated the need for a resolution of any federal law claim, [the brokerage's] interpleader action would not arise under federal law." *Id.* at 915. Since the account holder asserted that she owned the account and not the taxpayer and that resolution of this state law claim would obviate the need for resolution of the federal claim, the court found that federal question jurisdiction did not exist. *See id.* at 916–917.

In *Commercial Bank*, the Commercial National Bank of Chicago brought an interpleader action against several claimants to bank accounts. These claimants included the account holders (who claimed that the account actually belonged to their children), the attorney for the putative account holders, and the IRS who had a tax lien against the account holders. The Seventh Circuit in *Commercial Bank* noted that nothing on the face of the bank's complaint indicated the existence of a federal question. *Commercial Bank*, 18 F.3d at 488. However, the court adopted the analytical framework of *Franchise Tax* to find that "federal courts may exercise jurisdiction over interpleader actions that do not state a federal question on the face of well-pleaded complaint, provided that the stakeholder's right to relief necessarily depends on the resolution of a substantial question of federal law." *Commercial Bank*, 18 F.3d at 488. The court held that since the bank's complaint did not present a federal question, in order for jurisdiction to lie, the cross-claims must raise a substantial federal question. *See id.* at 488–489. With respect to the account holder's

attorney's cross-claim,. the court found that the validity of the attorney's lien is solely a matter of state law. *See id.* at 489. In footnote 6 (the footnote relied on by the Ninth Circuit in *Broadcast Music* for conferral of federal question jurisdiction), the court stated:

> A question of the priority of [the attorney's] lien as against the government might otherwise raise a federal question because the priorities of tax liens are governed by the federal statutory scheme. In this case, however, the government and [the attorney] have reached a settlement as to the priorities of their competing liens, and therefore, the priority of Strange's lien is not an issue that constitutes a federal question. *Id.* at 489 n. 6 (citations omitted).

Regarding the IRS' tax lien, the court found that federal question did not exist because the account holders/taxpayers and the IRS had already litigated the validity and amount of their tax liability in federal Tax Court and had reached a settlement regarding the validity and amount of the lien. *See id.* at 489. The court found that since the "only issue between the [account holders] and the government is the ownership of the accounts," a "ruling on the ownership of the accounts pursuant to applicable Illinois law would dispose of the government's cross-claim" and so resolution of this cross-claim "does not involve a substantial question of federal law." *Id.*

The lead case that found that a federal tax lien does confer federal question jurisdiction in an interpleader action is *St. Louis Union Trust Co. v. Stone*, 570 F.2d 833 (8th Cir.1978).[5] In *Stone*, an account holder, faced with suit from the United States Department of Justice for fraud, deposited monies in an escrow account

---

**5.** The Sixth Circuit in *Bell* expressly declined to follow the Eighth's Circuit's analysis. *See*

*Bell*, 766 F.2d at 916, n. 1

with a bank. The IRS then filed a tax lien against the account holder and the escrow account. The account holder threatened to sue the bank if it released the escrow account to the IRS to which the bank responded by instituting an interpleader action. *Stone,* 570 F.2d at 834. In finding that federal question jurisdiction existed, the court stated "[f]ederal tax liens are specifically governed by a detailed federal statutory scheme" and so "in determining the nature or operation of government tax liens, federal courts must look to federal law." *Id.* at 835. The court concluded that "[i]t necessarily follows that there is federal jurisdiction to decide such questions since they 'arise under the Constitution, laws or treaties of the United States . . .' " *Id.*

Other district courts have adopted the position of the Eighth Circuit in *Stone* to find that a federal tax lien does confer federal question jurisdiction in interpleader actions. *See Amoco Prod. Co. v. Aspen Group,* 8 F.Supp.2d 1249 (D.Colo.1998); and *Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc.,* 901 F.Supp. 287 (W.D.Ark.1995).

A related Ninth circuit case is *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376 (9th Cir.1988), *cert. denied, Miller v. Morongo Band of Mission Indians,* 488 U.S. 1006, 109 S.Ct. 787, 102 L.Ed.2d 779 (1989). In *Morongo,* an Indian tribe brought an interpleader action to determine rights to funds facing competing claims. *See id.* One claim was from a member of the tribe who alleged the funds were rents owed to him by the tribe under a land lease agreement. Another claim was by the state taxing authority which had levied the funds in an effort to collect cigarette taxes owed by the member. The tribe argued that the state taxing authority's levy was barred by federal law and the doctrine of preemption and thus federal

question jurisdiction existed. The Ninth Circuit stated, "[w]hether the action is styled as one for interpleader or for declaratory relief, the cause of action litigated is not that of the plaintiff but that of the defendants." *Id.* at 1384. The court then determined whether the coercive actions anticipated by the tribe's complaint would arise under federal law. The court found that none of the anticipated coercive actions (member v. tribe; state taxing authority v. tribe, state taxing authority v. member) involved questions of federal law and that federal issues would only be interjected by way of defense. *See id.* at 1385–1386.

 If the IRS were actively litigating its tax lien against Neth or pursuing its claim to the interpled funds, then federal question jurisdiction would lie. However, given that the IRS has stipulated that it disclaims any interest in the interpled funds, there is no federal issue before this court and federal question jurisdiction does not lie. As the Ninth Circuit stated in *Morongo* and the Sixth Circuit stated in *Bell,* the relevant focus in either a declaratory judgment or interpleader action is on the type of coercive action that may be maintained by a defendant.

The plaintiffs rely on *Broadcast Music* which, as discussed above, cites a footnote in *Commercial Bank* (also provided above) to say that federal question jurisdiction exists because federal law governs the priority of federal tax liens. In *Broadcast Music,* a question existed as to the priority of a federal tax lien in comparison with other liens. In this case, there is no question about the priority of the federal tax lien because the IRS has disclaimed an interest in the interpled funds and has further stipulated that claims by McCarthy and SJLC have priority over the federal tax liens and, unlike any of the other above-mentioned cases, the IRS is doing

nothing in this instant action to protect any apparent interest. Since the IRS has declared that it is not pursuing its claims, this court, unlike the court in *Stone*, does not have to look to federal law regarding the nature, operation, or priority of federal tax liens or for any reason. State law controls the resolution of the claims of Neth's other creditors who claim an interest in the interpled funds.

While it may have been appropriate for Stockton Christian to file suit in federal court initially, when it did not know that the IRS was disclaiming an interest in the funds, it is no longer appropriate for this action to be in federal court because there is no federal question to be resolved by this court.

### CONCLUSION

For the foregoing reasons, the entire matter is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.