Patricia M. KRUEGER,
Plaintiff–Appellee,

and

American States Insurance Company,
Intervening Plaintiff–Appellant,

v.

James S. CARTWRIGHT,
Defendant–Appellee.

No. 92–2433.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 2, 1992.

Decided June 24, 1993.

Bruce C. Conybeare, John C. Johnson (argued), H. Kevin Haight, St. Joseph, MI, for Patricia M. Krueger.

James M. Straub (argued), John M. Donahue, Straub, Seaman & Allen, St. Joseph, MI, for American States Ins. Co.

Before MANION and KANNE, Circuit Judges, and WILL, Senior District Judge.*

KANNE, Circuit Judge.

This diversity case requires us to examine joinder under Federal Rule of Civil Procedure 19 in light of the recently enacted supplemental jurisdiction statute, 28 U.S.C. § 1367. The facts, briefly stated, are these. Patricia Krueger, a Michigan resident, was injured when the car in which she was a passenger left the road in Pleasant Township, Indiana, struck a telephone pole, and rolled over. The driver and owner of the car was James Cartwright, an Indiana resident. At the time of the accident, Ms. Krueger was insured under a Michigan no-fault insurance policy issued by American States Insurance Company, which is incorporated in Indiana, the state of its principal place of business. Pursuant to the Michigan No–Fault Act, Mich.Comp.Laws § 500.3101 *et seq.* (1991), and the terms of the insurance contract, American States paid to Ms. Krueger certain first party economic loss benefits totalling

* The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

$19,268.25. These benefits covered medical expenses, lost wages, and replacement services.

On November 26, 1991, Ms. Krueger sued Cartwright in federal court in Indiana, claiming damages for her non-economic losses under Michigan law as well as for economic losses in excess of those compensable under that state's No–Fault Act. Federal jurisdiction was predicated on diversity of citizenship, 28 U.S.C. § 1332. The plaintiff reached a settlement agreement with Cartwright and his insurance carrier, State Farm Insurance Company, for $75,000 on December 20. American States learned of the proposed settlement and notified the plaintiff's counsel that it intended to assert a statutory lien, pursuant to Mich.Comp.Laws § 500.3116, against any recovery for the amount of no-fault benefits American States had paid, or would in the future pay, to Ms. Krueger.[1]

On January 24, 1992, Ms. Krueger filed a motion asking the district court to approve her settlement with Cartwright and to reject her insurer's lien, asserting that the settlement covered only non-economic losses and specifically excluded any claim for economic loss damages compensable under the Michigan No–Fault Act. On March 11, American States filed a motion requesting the district court to join it as a party-plaintiff under Federal Rule of Civil Procedure 19(a) and to validate its lien in the amount of $19,268.25. According to the company, it was subrogated to the rights of its insured by dint of the no-fault benefits paid to her,[2] and was entitled to reimbursement from any recovery because the Release and Settlement Agreement between Ms. Krueger and Cartwright covered economic as well as non-economic losses. American States also asserted an independent state claim against Cartwright for the amount of benefits previously paid to Ms. Krueger.

After a motion hearing on April 17, the district court ruled that the settlement agreement expressly covered only non-economic damages and was otherwise valid. A month later, the court issued an order granting American States' motion to intervene but denying the validity of its lien, granting Ms. Krueger's motion to approve the consent judgment in the amount of $75,000, and dismissing American States' state claim against Cartwright for want of jurisdiction. A judgment dismissing the case was entered on May 19. American States filed a timely appeal, and we have jurisdiction based on 28 U.S.C. § 1291.

## I.

This case begins and ends with the issue of jurisdiction. Courts in the federal system are obliged to police the statutory and constitutional limitations on their subject matter jurisdiction. *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986). "An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934). When it appears from the record that diversity jurisdiction under 28 U.S.C. § 1332 may have

---

1. Under the Michigan No–Fault Act, the insurer of a no-fault policy is entitled to a subtraction from or reimbursement for no-fault benefits paid to its insured if the insured recovers on a tort claim for an accident occurring outside of Michigan, but only to the extent the recovery is for damages for which the insured has received or would otherwise be entitled to receive no-fault benefits. *See* Mich.Comp.Laws § 500.3116(2). The insurer is not entitled to a subtraction from or reimbursement for that portion of any recovery for non-economic losses. *Id.* § 500.3116(4).

2. Part F of Ms. Krueger's Personal Auto Policy with American States contained the following subrogation agreement:

   **5. OUR RIGHT TO RECOVER PAYMENT**

   A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do whatever is necessary to enable us to exercise our rights and shall do nothing after loss to prejudice them.

   B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery and shall reimburse us to the extent of our payment.

   The "General Provisions" sections of the policy's endorsements for personal injury coverage and property protection coverage contain substantially the same agreement.

been lacking, it is the duty of the court of appeals to raise and consider the issue *sua sponte. See id.; Hiley v. United States,* 807 F.2d 623, 626 (7th Cir.1986). In so doing, we assess diversity of citizenship at the time the complaint is filed, *Freeport–McMoRAN, Inc. v. KK N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991) (per curiam); *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 549, 6 L.Ed. 154 (1824); *American National Bank and Trust Company of Chicago v. Bailey,* 750 F.2d 577, 582 (7th Cir.1984), *cert. denied,* 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985), confining our inquiry to the citizenship of the named parties. *F. & H.R. Farman–Farmaian Consulting Engineers Firm v. Harza Engineering Company,* 882 F.2d 281, 284 (7th Cir. 1989), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 809 (1990).

■ Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). *See also Owen Equipment and Erection Company v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *City of Indianapolis v. Chase National Bank of City of New York,* 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941). This rule applies fully to parties joined under Rule 19. *Freeman v. Northwest Acceptance Corporation,* 754 F.2d 553, 555 (5th Cir.1985). Thus, in a diversity case, while the nature of the interest sought to be enforced is determined by state substantive law, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), the issues of joinder and whether or not the court should proceed in the absence of an interested party are matters of federal law. *Provident Tradesmens Bank & Trust Company v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968).

Under the general diversity statute, a corporation such as American States is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). This circuit defines principal place of business as the place where the corporation has its nerve center. *Kanzelberger,* 782 F.2d at 777. In its brief to this court, as well as at oral argument, American States averred that this place and the state of its incorporation are one and the same: Indiana.[3]

■ The hitch, of course, is that the defendant in this case, James Cartwright, is also a resident of Indiana. The first question put to counsel for American States at oral argument was whether jurisdiction over American States' claim in intervention was proper. Counsel responded that he perceived no problem because Ms. Krueger and James Cartwright were citizens of different states. Moreover, according to counsel, American States sought to intervene in the district court as a party-plaintiff in accordance with the subrogation provisions of its policy with Ms. Krueger. As the subrogee of its insured, American States may succeed to Ms. Krueger's rights against Cartwright for economic loss damages resulting from the automobile accident and paid by American States to Ms. Krueger. However, neither federal law nor the federal procedural rules permits a subrogee to avoid the prerequisites of diversity jurisdiction.

## II.

■ The general rule in federal court is that if an insurer has paid the entire claim of its insured, the insurer is the real party in interest under Federal Rule of Civil Procedure 17(a) and must sue in its own name. *United States v. Aetna Casualty & Surety Company,* 338 U.S. 366, 380–81, 70 S.Ct. 207,

---

**3.** In its "Motion to Join as Party Plaintiff," American States asserted only that it is a company "authorized to do business in the State of Michigan and also the State of Indiana." None of the papers filed with the district court mention the company's citizenship for the purpose of diversity jurisdiction. In its jurisdictional statement filed with this court pursuant to Circuit Rule

3(c), American States claims it "was added as an Intervening party Plaintiff . . . having responsibility for the payment of benefits to Patricia Krueger pursuant to the laws of the Sate [sic] of Michigan and thereby being diversed [sic] from the interest of the Defendant, James S. Cartwright, a resident of the State of Indiana."

215, 94 L.Ed. 171 (1949). On the other hand, an insurer who pays a part of the loss of its insured is only partially subrogated to the insured's rights. 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1546 (2d ed. 1990). In such a case, "both insured and the insurer 'own' portions of the substantive right and should appear in the litigation in their own names." *Aetna Casualty,* 338 U.S. at 381, 70 S.Ct. at 215–16. *See also Virginia Electric and Power Company v. Westinghouse Electric Corporation,* 485 F.2d 78, 84 (4th Cir. 1973) ("Where there is partial subrogation, there are two real parties in interest under Rule 17."), *cert. denied,* 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974). Thus, if an insured brings suit against a tortfeasor, the insurer who is partially subrogated may intervene in the action to protect its pro rata share of the potential recovery. 6A Wright, Miller & Kane § 1546.

The instant case is one of partial subrogation. Ms. Krueger sued James Cartwright because a portion of her losses—specifically non-economic losses relating to pain and suffering and disfigurement—were not compensable under her American States policy, which covered only economic losses. Neither the plaintiff nor the defendant sought to join American States as a party. Rather, American States on its own behalf filed a "Motion to Join as Party Plaintiff" and supporting brief, contesting the terms of the settlement agreement and claiming the proposed recovery settled claims for economic loss damages.

■ In its brief to the district court, the company argued that it should be joined as a party-plaintiff under Rule 19(a). The text of that Rule provides for mandatory joinder only in circumstances where "joinder will not deprive the court of jurisdiction over the subject matter of the action." [4] When the joinder of an absent party would destroy diversity jurisdiction, Rule 19(a) is inapplicable. *Pasco International (London) Ltd. v. Stenograph Corporation,* 637 F.2d 496, 500 (7th Cir.1980); *Bio–Analytical Services, Inc. v. Edgewater Hospital, Inc.,* 565 F.2d 450, 452 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978). Joinder of American States put a citizen of Indiana on both sides of the case, destroying complete diversity. Without being made aware of the diversity problem by the parties, the district court mistakenly granted the company's motion to join as a party-plaintiff under Rule 19(a).[5]

4. Rule 19 governs "Joinder of Persons Needed for Just Adjudication." Its first subsection states:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

5. We point out that the jurisdictional defect in this case cannot be resolved by realignment of the parties. The third sentence of Rule 19(a) provides that a person who should be joined but who "refuses to do so ... may be made a defendant...." The language of the Rule clearly limits the court's realignment power to joinder of recalcitrant or unwilling nonparties, and has no application to situations, as in this case, where the absentee brings suit on its own behalf.

Moreover, federal courts will not realign parties who are citizens of the same state simply to preserve jurisdiction if they actually belong on opposite sides of the case. 13B Wright, Miller & Cooper § 3607 (2d ed. 1984). *See, e.g., Faysound Limited v. United Coconut Chemicals, Inc.,* 878 F.2d 290, 295–96 (9th Cir.1989); *Rogers v. Valentine,* 426 F.2d 1361, 1363 (2d Cir.1970) (per curiam). Realignment is undoubtedly improper when the court finds that an actual, substantial controversy exists between a party on one side of the dispute and its named opponent. *See American Motorists Insurance Company v. Trane Company,* 657 F.2d 146, 149 (7th Cir.1981). It would make no sense to realign American States as a defendant in the action because the insurer's interests are plainly adverse to those of James Cartwright. In its "Brief in Support of Motion to Join as Party Plaintiff," the company states:

Section 310(a) of the Judicial Improvements Act of 1990, 104 Stat. 5089, 28 U.S.C. 1367, effective December 1, 1990 and thus applicable to this case, supports the conclusion that jurisdiction is lacking. This Act, otherwise known as the "supplemental jurisdiction" statute, authorizes the assertion of federal jurisdiction over additional claims and parties, but specifically prohibits the exercise of that jurisdiction in diversity cases over non-diverse persons joined to the action under Rule 19. 28 U.S.C. § 1367(b).[6]

A finding that the district court lacked jurisdiction over American States' claims ordinarily does not end the matter, however. Rule 19 establishes a two-step analysis of compulsory joinder problems; if it is not feasible to join a person who should be joined under 19(a), the court must then determine under 19(b) whether, in equity and good conscience, the action should proceed between those already parties or should be dismissed because the absent person is indispensable.

> If American States' lien is invalid, then it has a separate cause of action against Defendant, James Cartwright, for the economic damages it has paid already on behalf of Ms. Krueger arising out of said motor vehicle accident. In either event, whether the lien is valid or whether American States has a claim against Cartwright directly for the amounts it has expended for no-fault benefits, American States should be added as an intervening party Plaintiff to this litigation in accordance with the terms of FRCP 19.

6. 28 U.S.C. § 1367 provides a statutory basis for pendent claim, pendent party, and ancillary jurisdiction—all renamed "supplemental jurisdiction." Section (b) of the statute states:

    *In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction* under subsection (a) [granting, in cases of which the district courts have original jurisdiction, supplemental jurisdiction over all other claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution] over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or *over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules,* or seeking to intervene as plaintiffs under Rule 24 of such rules, *when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.* (emphasis added).

*Pasco International,* 637 F.2d at 500.[7] Rule 19(b) sets forth the factors to be considered by a court in deciding whether to allow an action to proceed in the absence of an interested party. *Martin v. Wilks,* 490 U.S. 755, 764, 109 S.Ct. 2180, 2186 (1989); *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir.1990). Normally, a court does not know whether a person is indispensable until after it has examined the situation to determine whether it can proceed without him. *Provident Tradesmens Bank & Trust Company,* 390 U.S. at 119, 88 S.Ct. at 743; *Moore,* 901 F.2d at 1447.

Rule 19's provisions apply to cases of partial subrogation. 6A Wright, Miller & Kane § 1546. If the insured brings suit against the tortfeasor, the action will not be dismissed if the absent insurer cannot be joined because its presence would destroy diversity unless it is determined under Rule 19(b) that the insurer should be regarded as indispensable. *Id.*[8]

> We point out that under this provision, supplemental jurisdiction over American States' claims would not exist even had the company taken the more conventional route of intervening as a party-plaintiff under Rule 24 rather than requesting mandatory joinder under Rule 19.

7. The second subsection of Rule 19 provides:

    **(b) Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

8. Before being amended in 1966, Rule 19(a) classified parties to be joined to an action as "necessary" or "indispensable." *Dudley v. Smith,* 504 F.2d 979, 983 n. 4 (5th Cir.1974). In short, a court's "decision to proceed [with an action under Rule 19] is a decision that the absent person is merely 'necessary' while the decision to dis-

### III.

With nothing to alert it to the contrary, the district court erroneously assumed it had jurisdiction over American States' claims, allowed joinder under 19(a), and then ruled against the insurer on the merits. Given the disposition below, it is obvious that, even had it considered the question, the court would not have deemed American States to be an indispensable party within the meaning of 19(b). Such a view is consistent with the Supreme Court's statement in *Aetna Casualty,* 338 U.S. at 382 & n. 19, 70 S.Ct. at 216 & n. 19, that where an insurer has become partially subrogated to the rights of an insured under the Federal Tort Claims Act, both are necessary but not indispensable parties under (then) Rule 19. We agree with the majority of courts that have addressed the issue and applied this principle as a general rule in cases of partial subrogation. *See, e.g., Arkwright–Boston Manufacturers Mutual Insurance Company v. City of New York,* 762 F.2d 205, 209 (2d Cir.1985); *Public Service Company v. Black & Veatch,* 467 F.2d 1143, 1144–45 (10th Cir. 1972); *Mutual Fire, Marine and Inland Insurance Company v. Adler,* 726 F.Supp. 478, 481–82 (S.D.N.Y.1989); *Shaner v. Caterpillar Tractor Company,* 483 F.Supp. 705, 708 (W.D.Pa.1980); *Edwards, Inc. v. Arlen Realty and Development Corporation,* 466 F.Supp. 505, 511–13 (D.S.C.1978) (pointing out, however, that the flat rule obviates analysis under Rule 19(a) by proceeding directly to 19(b)); *Royal Indemnity Company v. City of Erie,* 326 F.Supp. 571, 573–74 (W.D.Pa. 1971).[9]

Because we find that American States is not an indispensable party under Rule 19(b), its dismissal pursuant to Federal Rule of Civil Procedure 21 is proper. Under *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 837, 109 S.Ct. 2218, 2225–26, 104 L.Ed.2d 893 (1989), the courts of appeals

may dismiss a dispensable nondiverse party if the facts of the case so warrant, even after judgment has been entered. This is the route we follow today. In order to avoid jurisdictional anomalies in the future, parties making motions under Rule 19 should take care to consider the jurisdictional limits inherent in that rule as well as those recently imposed by 28 U.S.C. § 1367(b).

### IV.

American States was improperly joined as a party-plaintiff because its presence destroyed subject matter jurisdiction; accordingly, the decisions of the district court with respect to American States' motions to intervene, to validate the company's lien, and to join a state claim are VACATED. Having determined that American States, the sole appellant, is not an indispensable party within the meaning of Rule 19(b), there remains no case or controversy and this case is hereby DISMISSED.

---

miss is a decision that he is 'indispensable.' " *Provident Tradesmens Bank & Trust,* 390 U.S. at 118, 88 S.Ct. at 742.

**9.** In support of our conclusion, we note that a small number of cases (decided after Rule 19's amendment in 1966) either distinguishing or failing to consider *Aetna Casualty,* have held that a partial subrogee is *not even* a person to be joined if feasible (that is, a "necessary" party) under Rule 19(a). *See, e.g., Dudley v. Smith,* 504 F.2d at 983; *Prudential Lines, Inc. v. General Tire International Company,* 74 F.R.D. 474, 475–76 (S.D.N.Y.1977); *Cleaves v. De Lauder,* 302 F.Supp. 36, 38 (N.D.W.Va.1969).