**STA–RITE INDUSTRIES, INCORPORATED and Webster Electric Company, Incorporated, Plaintiffs–Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Continental Casualty Company, First State Insurance Company, et al., Defendants–Appellees.**

No. 95–3304.

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1996.

Decided Sept. 18, 1996.

Chris J. Trevatoski (argued), Douglas P. Dehler, Raymond R. Krueger, Peter R. Reckmeyer, Michael, Best & Friedrich, Milwaukee, WI, for Sta–Rite Industries, Inc. and Webster Elec. Co.

Michael Fitzpatrick, Brennan, Steil, Basting & MacDougall, Janesville, WI, Catherine C. Warren, John F. Maher, Thomas K. Hanekamp (argued), Tressler, Soderstrom Maloney & Priess, Chicago, IL, for Allstate Ins. Co.

Michael J. Sehr, Elizabeth T. Jozefowicz (argued), Haskell & Perrin, Chicago, IL, for Continental Cas. Co.

Michael Fitzpatrick, Robert S. Soderstrom, Susan M. Luther, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for First State Ins. Co., Hartford Acc. and Indem. Co.

Robert A. Chaney, Michael S. Knippen, Bollinger, Ruberry & Garvey, Chicago, IL, Bruce M. Engel, Lori S. Nugent, Blatt, Hammesfahr & Eaton, Chicago, IL, for International Ins. Co.

Michael Fitzpatrick, Brennan, Steil, Basting & MacDougall, Janesville, WI, for Northbrook Excess & Surplus Ins. Co.

Barry L. Chaet, Beck, Chaet, Loomis, Molony & Bamberger, Milwaukee, WI, for North River Ins. Co.

Stephen Sonderby, Elizabeth T. Jozefowicz, Haskell & Perrin, Chicago, IL, for Prudential Reinsurance Co.

Robert C. Johnson, Gerald E. Fradin, Sonnenschein, Nath & Rosenthal, Chicago, IL, Brian E. Butler, Stafford, Rosenbaum, Rieser & Hansen, Madison, WI, for Travelers Ins. Co.

Before ESCHBACH, MANION, and EVANS, Circuit Judges.

MANION, Circuit Judge.

Parties sometimes go to great lengths to get their case into, and then to keep it in, federal court. In this case, a corporation and its subsidiary sued numerous insurers in federal court, based on diversity jurisdiction, seeking coverage for environmental claims. On the same day, they sued another insurer in state court on the same theory and for the same relief. That other insurer was an in-state defendant and its inclusion in the federal action would have destroyed diversity. The defendants in the federal case asked the district court to dismiss the federal case on the ground that under Fed.R.Civ.P. 19, the in-state insurer was a necessary and indispensable party. The district court did so.

The plaintiffs appeal this decision. To complicate matters, when plaintiffs' counsel filed the jurisdictional statement in this court, they determined for the first time that one of their clients, Webster Electric, was not incorporated in Wisconsin as they had pleaded, but in Delaware, the same state as one of the defendants. Faced with this violation of the complete diversity requirement, plaintiffs moved this court to drop Webster as a plaintiff, or in the alternative to drop the defendant insurer with which Webster was not diverse. Because this case never belonged in federal court, we affirm the district court's dismissal on the ground it lacked subject matter jurisdiction. The issues may be resolved in a more comprehensive parallel action pending in Wisconsin state court.

## I.

Sta–Rite Industries, Inc. and its wholly-owned subsidiary Webster Electric Co., Inc., filed this declaratory judgment action against various insurance companies that had issued them general commercial liability policies between 1971 and 1987. Plaintiffs sought a declaration that the named insurance companies should defend and indemnify them for any damages allegedly caused by environ-

mental contamination at various sites throughout the United States. In their complaint, Sta–Rite and Webster alleged that federal subject matter jurisdiction was proper pursuant to diversity of citizenship, 28 U.S.C. § 1332(a)(1), because they were incorporated and had their principal place of business in Wisconsin, each of the defendants was incorporated and had its principal place of business in a state other than Wisconsin,[1] and the amount in controversy exceeded $50,000.

In their federal suit, plaintiffs purposely did not name Employers Insurance of Wausau ("Wausau"), which had provided them primary and excess insurance coverage from 1956 through 1971. Wausau is incorporated in Wisconsin and has its principal place of business in Wausau, Wisconsin. To name Wausau as a defendant in the federal case would destroy the complete diversity requirement of § 1332(a) as interpreted. *See Stromberg Metal Works, Inc. v. Press Mechanical, Inc.,* 77 F.3d 928, 932 (7th Cir.1996) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Instead, the same day plaintiffs sued Wausau in Milwaukee County Circuit Court charging it with the same conduct and seeking from it the same relief. Later, all of the insurers, including Wausau, sued Sta–Rite and Webster, also in Milwaukee County Circuit Court, for a declaratory judgment regarding the same environmental insurance coverage issues. Plaintiffs have answered the insurers' claims and counterclaimed in the state court case.[2]

The insurers moved to dismiss this federal case pursuant to Fed.R.Civ.P. 12(b)(7) for failure to name Wausau, which they deemed

a necessary and indispensable party to the action under Rule 19. The district court agreed. It found Wausau to be necessary within the meaning of Rule 19(a) and indispensable under Rule 19(b) because, to the prejudice of Wausau and the other insurers, the possibility of inconsistent rulings, incomplete relief, and duplicative litigation existed unless Wausau was joined.

This case presents more than a straightforward appeal of that decision, however. Plaintiffs' difficulty with complete diversity among the parties extended beyond their decision to file the separate state suit against the in-state defendant. Upon filing its jurisdictional statement with this court under Circuit Rule 3(c), plaintiffs' counsel realized for the first time that one of its clients, Webster, Sta–Rite's wholly-owned subsidiary, is not, as they assumed, incorporated in Wisconsin. Rather, Webster is incorporated in Delaware, as is Prudential Reinsurance, one of the defendant insurers. Faced with a second instance of incomplete diversity, plaintiffs' counsel moved this court either to drop Webster as an unnecessary party pursuant to Fed.R.Civ.P. 21 and 28 U.S.C. § 1653,[3] or to sever Prudential Reinsurance from this case.

## II.

The district court reached the merits of the named insurers' motion and ruled that Wausau was a necessary and indispensable party to this suit.[4] Plaintiffs criticize this ruling in two ways. Plaintiffs argue primarily that Wisconsin substantive law eliminates Wausau as a necessary party to this case. They rely on Wis. Stats. § 631.43, which provides joint and several liability for insurers that cover the same risks.[5] Under

---

**1.** "[A] corporation['s] ... citizenship for diversity purposes is determined by its place of incorporation and its principal place of business." *Moore v. General Motors Pension Plans, et al.,* 91 F.3d 848, 850 (7th Cir.1996) (emphasis supplied); *see also* 28 U.S.C. § 1332(c)(1).

**2.** Plaintiffs dismissed their state case against Wausau considering the insurers' more comprehensive suit.

**3.** "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

**4.** "We need not try to resolve the question of the proper standard of appellate review" of a Rule 19 determination because abuse of discretion and *de novo* review yield the same result in this case. *See, e.g., Sokaogon Chippewa Community v. Wisconsin,* 879 F.2d 300, 303–04 (7th Cir. 1989) (appellate review of Rule 19(b) determination "under any standard").

**5.** Section 631.43(1) provides in pertinent part:

When 2 or more policies promise to indemnify an insured against the same loss ... The policies may by their terms define the extent to which each is primary and each is excess, but

the "necessary party" analysis of Rule 19(a), the relative rights of the parties are considered under state law. *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir.1993). The plaintiffs submit that under Wisconsin law, Wausau has no legally cognizable interest in this suit because § 631.43 provides for joint and several liability for named and unnamed insurers. Because an unnamed insurer has no interest in litigation between an insured and another insurer that provides coverage for the same loss, say the plaintiffs, the division of liability among insurers can be left for another day. When the insurers invoke the other state law issues of first impression, the plaintiffs respond that they make no difference because of joint and several liability. Rule 19 does not require the joinder of all jointly and severally liable parties, and on that basis, plaintiffs seek reversal of the district court's decision.

Plaintiffs gamble and lose by relying so heavily on this Wisconsin statute. Unless the decisionmaker can review the "other insurance" clauses in the Wausau policies, there can be no determination whether any "other insurance" clauses contained in the policies at issue are inconsistent with any "other insurance" clauses in the Wausau policies. If the clauses are in fact consistent, § 631.43(1) would not apply, no joint and several liability would exist, and Wausau must be a party to the suit to fully and accurately allocate liability. Further, the "trigger" issue of which policies provide coverage must be resolved to determine which insurers (if any) are subject to liability, joint and several or not. Section 631.43(1) does not resolve this question, and thus does not resolve the practical prejudice to all insurers which the district court identified:

> If applicable, the provision would leave conflict unaffected in instances where one insurer was found to have no coverage. Second, it would not avoid the potential conflict relating to exhaustion of primary coverage. Finally, even if applied, the prejudice of requiring a separate and independent action involving potentially conflicting trigger theories from two courts would remain.

(Dist. Ct. Decision at 6.)

▮ Plaintiffs also contend that this suit can go forward without Wausau and, if one of the named defendants pleases, it can always bring the instate defendant into the case. Of course, the law does not allow parties to manipulate pleadings to circumvent the rules in such a manner. Under the supplementary jurisdiction statute, if federal jurisdiction is predicated solely on diversity, a district court cannot have supplemental jurisdiction over claims by plaintiffs against persons made parties under Rule 19 "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." *See* 28 U.S.C. § 1367(b). "[A] plaintiff is not allowed to do in two steps what under *Strawbridge* would lead to dismissal if he did it in one by naming both defendants in his original complaint." *Fidelity and Deposit Co. of Maryland v. Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir.1983) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374–75, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978)). The complete diversity requirement "applies fully to parties joined under Rule 19." *Krueger*, 996 F.2d at 931 (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir.1985)).

▮ The district court correctly resolved the Rule 19 question. This case involves issues of first impression under Wisconsin insurance law in the environmental context, including which policies (if any) are implicated by plaintiffs' claims, exhaustion of primary coverage before excess coverage is implicated, and allocation of defense and indemnity liability among insurers in the injury scenario plaintiffs have pleaded. To resolve these issues without Wausau, the issuer of 15 years of primary and excess coverage, would prejudice all the insurers, including Wausau. A judgment rendered in Wausau's absence would require duplicative litigation, and result in prejudice both to Wausau and the other insurers. Nor could full and complete

---

if the policies contain inconsistent terms on that point, the insurers shall be jointly and severally liable to the insured on any coverage

where the terms are inconsistent, each to the full amount of the coverage it provided....

relief be afforded without Wausau. And in the parallel state court action, the Milwaukee County Circuit Court can grant complete relief in one action to all appropriate parties as well as take the first cut at these Wisconsin state law issues. Upon these findings, the district court concluded correctly that Wausau is a necessary and indispensable party and that this suit should be dismissed on that basis.

When the district court issued its decision, however, it did not yet know that for two reasons—one jurisdictional, the second rooted in Supreme Court precedent—it need not reach the merits of plaintiffs' appeal.

■ First, the district court lacked subject matter jurisdiction over this case. Plaintiff Webster and defendant Prudential Reinsurance share Delaware citizenship. This violates the complete diversity requirement of *Strawbridge v. Curtiss* and its progeny. Realizing that this jurisdictional defect is of their own making, plaintiffs ask us, in addition to reversing the district court's dismissal order, to drop either Prudential Reinsurance or Webster to ensure the named parties are completely diverse. In support of their request, plaintiffs cite *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 837, 109 S.Ct. 2218, 2225, 104 L.Ed.2d 893 (1989), in which an appellate court dismissed dispensable parties to preserve federal jurisdiction.

Plaintiffs request that we allow contortion of the pleadings to maintain federal jurisdiction. This would be neither just nor efficient. For the same reasons given by the district court for why Wausau is a necessary and indispensable party, Prudential Reinsurance also meets the dictates of Rule 19 and must be included as a party. *See Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1150–51 (7th Cir.1979) (outlining Rule 19 requirements). Prudential Reinsurance is "necessary" because complete relief cannot be accorded among those already parties without it. *See City of Littleton, Colorado v. Comm. Union Assur. Co.*, 133 F.R.D. 159, 163 (D.Colo.1990) (insureds sued insurers which provided coverage for environmental liability, but did not name non-diverse primary insurers; relief rendered would be incomplete because obligations of other insurers would not be determinable and contingent on parallel state court action to determine obligations of non-diverse primary insurers). This suit raises issues of first impression under Wisconsin insurance law, including "triggering" (which policies, if any, will be called upon to cover plaintiffs' claims), "exhaustion" (which of plaintiffs' policies must be fully exhausted before the next insurer's coverage is implicated), and "allocation" (defense and indemnity obligations among the various insurers). Resolution of these critical questions impact Prudential Reinsurance as much as the other named insurers. As the district court ruled with regard to Wausau, the potential for inconsistent rulings between federal and state courts, and the potential of an inequitable result in its absence, would create substantial prejudice to Prudential Reinsurance, and preclude the federal courts from affording complete relief.

Prudential Reinsurance is also indispensable under Rule 19. The relief possible may change based upon the party defendants. Notably, the ongoing state action in which all the parties and issues are before one court demonstrates that an adequate (indeed, likely better) remedy is available in another venue. *See, e.g., Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d 1274, 1287 (4th Cir.1994) (insurers sued insured but failed to name all insurers; court would need to determine triggering point for coverage; because of possibility of inconsistent judgments, insured could receive less than full coverage; single adjudication of issues preferred).

■ Beyond the necessity under Rule 19 to include Prudential Reinsurance as a defendant, Webster meets the requirements of a real party in interest under Fed.R.Civ.P. 17 and thus must be retained as a plaintiff. *See Illinois v. Life of Mid–America Ins. Co.*, 805 F.2d 763, 764 (7th Cir.1986) (real party in interest is one who by substantive law possesses rights sought to be enforced). Its joint complaint with Sta–Rite seeks a declaration of rights under policies for claims arising out of its, as well as Sta–Rite's, activities at the environmental sites. Prudential, Travelers, and International each have received claims for coverage arising out of Webster's

conduct at Webster sites. To allow Webster to drop out as a plaintiff would not, therefore, allow the federal courts to render complete relief, and would likely lead to duplicative actions.

*Newman–Green,* the authority plaintiffs rely upon in seeking the dismissal of Webster or Prudential Reinsurance, presented vastly different factual and procedural circumstances from those here. In that case, several years of discovery and pre-trial motions were followed by partial grants of summary judgment, 490 U.S. at 828, 109 S.Ct. at 2220, while in this case the parties have only answered or moved to dismiss and the action has not progressed past the mandatory discovery stage. Unlike with Prudential and Webster, in *Newman–Green* dismissal of the non-diverse party would not prejudice any remaining party or impede any potential tactical advantage. *Id.* at 838, 109 S.Ct. at 2225. Moreover, here, there is presently pending a state court action involving all the parties and the same issues. No such alternative forum existed in *Newman–Green.* The Court emphasized in *Newman–Green* that the authority to dismiss a dispensable non-diverse party "should be exercised sparingly." *Id.* at 837, 109 S.Ct. at 2225. To exercise that authority in this case would be to allow the exception *Newman–Green* provides to swallow Fed.R.Civ.P. 17 & 19 and the complete diversity requirement.

Webster and Prudential Reinsurance are "real and substantial parties to the controversy" in this case. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980). Because plaintiff Webster is a real party in interest, and defendant Prudential Reinsurance is a necessary and indispensable party, plaintiffs' motion will be denied. It follows that this case must be dismissed for lack of subject matter jurisdiction because the parties are not completely diverse.

 This case will not proceed in federal court for another reason. The Supreme Court has determined that federal courts have discretion whether to accept jurisdiction over a declaratory judgment action if a parallel state court proceeding is pending. *Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995). In *Wilton,* insurers refused to defend or indemnify a group of insureds under several commercial liability insurance policies. The district court granted and the appellate court affirmed a stay of a parallel federal declaratory judgment action concerning the insurers' liability in light of a parallel state suit which encompassed the same coverage issues raised in the federal action. —— U.S. at —— – ——, 115 S.Ct. at 2139–40. The express holding in *Wilton* is that a district court has discretion, as defined in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), to stay or dismiss a declaratory judgment action during the pendency of parallel state court proceedings. —— U.S. at —— – ——, 115 S.Ct. at 2140–43. Thus, whether or not correct in its Rule 19 analysis regarding Wausau, under *Wilton* the district court could decline to exercise jurisdiction over this case because of the parallel state action in Milwaukee County Circuit Court. Given the factors cutting against federal jurisdiction—a more comprehensive parallel state case, issues of first impression under Wisconsin insurance law, the only progress thus far in the federal case being the exchange of mandatory discovery—the district court would have solid grounds and the discretion necessary to dismiss this case anyway. Thus, the district court need not—as well as could not—have heard this case.

### III.

"[D]iversity jurisdiction must be proved by the plaintiff rather than assumed as a default." *Moore,* 91 F.3d at 850, citing *Pollution Control Indus. of America v. Van Gundy,* 21 F.3d 152, 155 (7th Cir.1994). Sta–Rite and Webster have not proved this case belongs in federal court. Several reasons exist why this case should not be here. Because Webster and Prudential Reinsurance share Delaware citizenship, the district court never properly had diversity jurisdiction. Also, Rule 19 does not allow plaintiffs to request severance of parties in order to manufacture federal jurisdiction. Finally, this case presents issues of first impression under Wisconsin insurance law which should first be decid-

ed by that state's court. Efficiency dictates this case be resolved in a forum accessible to all parties, in which all issues may be considered, and in which complete relief may be accorded. The parallel, more comprehensive Wisconsin state action, to be litigated by all the parties, is the vehicle for such a resolution, and the Milwaukee County Circuit Court is that forum. Under *Wilton v. Seven Falls Co.*, because of the duplicative state case, the district court had discretion to stay or dismiss this suit in any event.

Plaintiffs' motion to drop Webster or Prudential Reinsurance is denied. The district court's judgment is affirmed on the alternative ground of lack of subject matter jurisdiction. Costs are to be taxed against the plaintiffs.

AFFIRMED.