**NATIONAL ACCIDENT INSURANCE UNDERWRITERS, INC., a Delaware corporation, Plaintiff,**

v.

**CITIBANK, F.S.B., Defendant.**

No. 02 C 3390.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 27, 2002.

Michael J. O'Rourke, Mitchell Bruce Katten, Richard F. Linden, Brian Michael Dougherty, O'Rourke, McCloskey & Moody, Chicago, IL, for Plaintiff.

Todd A. Rowden, Joel A. Brodsky, Joseph H. Kim, Quarles & Brady LLC, Chicago, IL, for Defendant.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of defendant Citibank, F.S.B. to dismiss the complaint of plaintiff National Accident Insurance Underwriters, Inc. for lack of federal diversity jurisdiction.

This is defendant's second motion to dismiss in less than two months, and we have already outlined plaintiff's allegations in our previous order August 12, 2002. Plaintiff's employee, Robert Carter, intercepted certain insurance premium checks that plaintiff's customers had made payable to plaintiff. He was not involved in any facet of plaintiff's business that gave him authority to endorse or negotiate the checks. He altered those checks by adding a "slash" (/) and additional payees, such as "Sherman" or "Sherman Imports, Inc." The alterations were made either in a different typewritten font or different handwriting than that used on the original checks. Carter maintained a checking account in the name of the altered payees with defendant. He endorsed and deposited the checks in the Sherman account; defendant accepted the checks and credited the account. The face value of the checks totaled more than $10 million. Defendant then presented the checks for payment to the various drawee banks. Plaintiff filed a one-count complaint against defendant for statutory conversion.

This time, defendant seeks dismissal under Fed.R.Civ.P. 12(b)(1), arguing lack of

federal jurisdiction. Plaintiff, a Delaware corporation with its principal place of business in Illinois filed this suit against defendant, a federally chartered bank with its principal place of business in California. At the same time defendant filed the instant motion, it also filed a third-party complaint suit against Carter, and certain other Illinois residents. Plaintiff has apparently sued these individuals as well, in Illinois state court. According to defendant, dismissal is proper because plaintiff "has attempted to evade the strict requirements of diversity jurisdiction." (*Motion to Dismiss*, at 3). In support of dismissal, it relies entirely on *Fidelity & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261 (7th Cir.1983). (*Motion to Dismiss*, at 4).

In *Fidelity*, the court noted that, with respect to a third-party complaint under Rule 14(a), "it is clear that if a case is properly within the diversity jurisdiction and the defendant files a third-party complaint against a resident of the plaintiff's state the court does not lose jurisdiction over the plaintiff's claim." 713 F.2d at 1266. That is just what defendant has done here, so it is difficult to grasp its argument for dismissal. According to the very case upon which defendant relies, diversity jurisdiction has not been destroyed by defendant's third-party complaint. Defendant acknowledges that this is true but urges a further reading of *Fidelity*, in which the court also stated:

Although not consistent with the principle of complete diversity, this rule is required by the competing principle that jurisdiction should depend on the facts when the complaint was filed. The *defendant is not permitted to defeat the plaintiff's right to a federal forum by impleading a resident of the plaintiff's state* any more than he would be permitted to do so by becoming a resident of that state. True, if having sued a nonresident under the diversity jurisdiction a plaintiff later brings in a resident by

filing a third-party complaint, the entire suit will be dismissed for lack of complete diversity. But that is because a plaintiff is not allowed to do in two steps what ... would lead to dismissal if he did it in one by naming both defendants in his original complaint.

713 F.2d at 1266 (emphasis added). While defendant claims "[t]his is precisely the situation here," it clearly is not. (*Motion to Dismiss*, at 4). It is not the plaintiff who has brought in residents by filing a third-party complaint, but the defendant. And, based on defendant having done so in conjunction with the filing of the instant motion to dismiss, it is obvious defendant's motive was to defeat diversity jurisdiction. This is exactly what the *Fidelity* court indicated was impermissible.

Perhaps realizing the confusion raised in its motion, defendant takes a different tack in its *Reply in Support of Motion to Dismiss*. While continuing to claim that the situation in this case is "precisely" the same as the situation in *Fidelity*, defendant also suggests that this case is similar to *Sta–Rite Industries, Inc. v. Allstate Insurance Co.*, 96 F.3d 281 (7th Cir.1996). In *Sta–Rite*, the Wisconsin plaintiff sued several insurance companies in federal court, based on diversity jurisdiction, and one Wisconsin insurance company in state court. 96 F.3d at 283. The insurers moved to dismiss the federal case pursuant to Fed.R.Civ.P. 12(b)(7) for failure to name the Wisconsin company, which they argued was an indispensable party under Rule 19. 96 F.3d at 284. The district court dismissed the case, finding the Wisconsin company to be necessary within the meaning of Rule 19(a) and indispensable under Rule 19(b). 96 F.3d at 284. The appellate court affirmed for several reasons—it turned out that plaintiffs could not even establish complete diversity in their federal case as pled—including the Rule 19

issue. In so doing, the court explained that:

Under the supplementary jurisdiction statute, if federal jurisdiction is predicated solely on diversity, a district court cannot have supplemental jurisdiction over claims by plaintiffs against persons made parties under Rule 19 "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." ... The complete diversity requirement "applies fully to parties joined under Rule 19."

96 F.3d at 285. In the instant case, there have been no parties brought in under Fed.R.Civ.P. 19; defendant has brought in the additional parties with a third-party complaint under Fed.R.Civ.P. 14(a) Furthermore, defendant has moved for dismissal under 12(b)(1)—for lack of diversity jurisdiction—as opposed to 12(b)(7), which covers failure to join a necessary party. As already noted, diversity jurisdiction was not destroyed by defendant's third-party complaint. So, again, defendant's submissions on the matter tend to be more confusing than illuminating. Like defendant's motion of a few weeks ago, the instant motion provides the court with no basis to dismiss this case.

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint is hereby DENIED.