Anthony **BALISTRERI**, individually, and as Special Administrator of the Estate of Elizabeth Balistreri, Plaintiffs,

and

Meridian Resource Company, LLC, f/k/a Meridian Resource Corporation, Physicians Mutual Insurance Company and Tommy Thompson, Secretary of Department of Health & Human Services, HIC # 395203673A, Involuntary Plaintiffs,

v.

THE RICHARD E. JACOBS GROUP, INC., Defendant.

No. 02–C–0967.

United States District Court, E.D. Wisconsin.

June 8, 2004.

Edward E. Robinson, Brookfield, WI, for Plaintiff.

Thomas A. Cabush, Wausau, WI, for Defendant.

## MEMORANDUM

ADELMAN, District Judge.

Elizabeth Balistreri, now deceased, was injured when an automatic door operated by defendant, Richard E. Jacobs Group, Inc., closed on her. As a result, she and her husband, who is now the administrator of her estate, brought this diversity action alleging negligence. Plaintiffs' counsel named as an

involuntary plaintiff Physicians Mutual Insurance Company ("Physicians Mutual"), an insurer that paid some of Ms. Balistreri's medical expenses. Plaintiffs' counsel does not represent Physicians Mutual, and Physicians Mutual has not entered an appearance. This memorandum addresses what plaintiffs' counsel should do. *See Parkview Corp. v. Dep't of Army Corps of Eng'rs*, 85 F.R.D. 145, 148 (E.D.Wis.1980) (stating that district courts may address issues of joinder and service sua sponte).

 An insurer that pays a portion of an insured's medical bills is a partial subrogee. *Krueger v. Cartwright*, 996 F.2d 928, 932 (7th Cir.1993). Under Fed.R.Civ.P. 17, a partial subrogee is a "real party in interest," and should appear in a lawsuit in its own name. *Id.; see also State Sec. Ins. Co. v. Frank B. Hall & Co.*, 109 F.R.D. 99, 101 (N.D.Ill.1986).

Fed.R.Civ.P. 19 governs such issues as whether a partial subrogee should be joined as a party, how such joinder should be accomplished and whether a court should proceed in the absence of joinder. *Krueger*, 996 F.2d at 931–33. Rule 19(a) provides, in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

 * * * * * *

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the person [to be joined if feasible] has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

In the present case, there is no indication that Physicians Mutual is not subject to service of process or that it will destroy diversity jurisdiction. Moreover, its interest in the case is of the type described in Rule 19(a)(2). Physicians Mutual has paid expenses incurred by plaintiff as the result of the accident that is the subject of the present litigation. Further, not being joined may impair its ability to protect its interest. Thus, as plaintiffs implicitly concede by naming it as a plaintiff, Physicians Mutual should be joined as a party. *See Krueger*, 996 F.2d at 934 (stating that partial subrogees are "necessary" though not "indispensable" parties).[1]

 A partial subrogee to be joined pursuant to Fed.R.Civ.P. 19(a), which does not voluntarily appear as a plaintiff and is within the court's jurisdiction, should be named as a defendant and served with a summons and complaint. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1606 (3d ed.2001). Unless it is beyond the jurisdiction of the court and refuses to join the action after notification, the partial subrogee should not be made an involuntary plaintiff. *See id.* In the present case, plaintiffs' counsel named Physicians Mutual as an involuntary plaintiff and notified it of the case by registered mail. However, there is no indication that Physicians Mutual is outside the court's jurisdiction. Further, notification by registered mail is not a permissible means of service. *See* Fed.R.Civ.P. 4(h). While the federal rules also permit service on corporations "pursuant to the law of the state in which the district court is located," *see* Fed.R.Civ.P. 4(h) and

---

1. Before being amended in 1966, for purposes of joinder, Rule 19(a) classified parties to an action as "necessary" or "indispensable." *Krueger*, 996 F.2d at 933 n. 8. The necessary party label has largely been eliminated "to emphasize that the real purpose of this rule is to bring before the court all persons whose joinder would be desirable for a just adjudication of the action and the term 'indispensable' is used in Rule 19(b) only in a conclusory sense." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1604 (3d ed.2001). I need not address whether, under Rule 19(b), Physicians Mutual is indispensable, because such rule would pertain only if it could not be made a party.

4(e)(1), the operative state law, Wis. Stat. § 801.11(5), does not permit service solely by registered mail. Additionally, there is no indication that Physicians Mutual waived service.

Thus, unless Physicians Mutual appears voluntarily as a plaintiff, it should be made a defendant and served with process. Once it becomes a party, the court may realign it according to its interest in the dispute. *See, e.g., Indep. Wireless Tel. Co. v. Radio Corp. of Am.,* 269 U.S. 459, 468, 46 S.Ct. 166, 70 L.Ed. 357 (1926) ("If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume.").